IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DANIEL WATKINS and JENNIFER SANCHEZ,** *on behalf of themselves and all others similarly situated*, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:20-CV-2136-L-BH** |
| **GATEWAY FIRST BANK,** *itself and as successor by merger to Gateway Mortgage Group, LLC*, | § § § § § | |
| Defendant. | § § | |

# ORDER

On March 15, 2021, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 23) was entered, recommending that the court grant Defendant's Motion to Dismiss (Doc. 12), filed October 13, 2020, and dismiss without prejudice this action for lack of personal jurisdiction. On March 29, 2021, Plaintiffs filed objections to the Report, to which Defendant responded on April 12, 2021.

In their objections, Plaintiffs raise a number of new arguments that were not presented to the magistrate judge. Defendant correctly notes that filing objections does not entitle Plaintiffs to present new arguments; nor does it automatically entitle Plaintiffs to present new evidence for the court's consideration. "[A] party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge." *Freeman v. County of Bexar*, 142 F.3d 848, 851 (5th Cir.1998) (citing *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir.1994)). Newly presented evidence, on the other hand, is not automatically waived. District courts have wide discretion to consider evidence offered for the first time in an objection to the magistrate judge's

findings and recommendation. *Freeman*, 142 F.3d at 852. Litigants, however, "may not . . . use the magistrate judge as a mere sounding-board for the sufficiency of the evidence." *Id.* While the court has discretion to consider new evidence, its decision of whether to do so turns on consideration of the following factors:

> (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when it responded to the summary judgment motion; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted.

*Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003) (citing *Freeman*, 142 F.3d at 852) (noting the two competing interests: the need to bring litigation to an end and the need to render just decisions on the basis of all the facts)).

Plaintiffs do not address the foregoing factors, and the court determines that consideration of these factors does not weigh in favor of considering their new evidence. The court, therefore, will not consider Plaintiffs' new evidence raised for the first time in their objections to the Report. The court also will not consider Plaintiffs' legal arguments that were raised for the first time in their objections, as these arguments are waived, except for Plaintiffs' contention regarding the applicability of *Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, 141 S. Ct. 1017 (2021), which was not decided until March 25, 2021, after issuance of the magistrate judge's Report in this case. The facts of *Ford Motor Company*, however, are distinguishable for the reasons stated by Defendants. Thus, *Ford Motor Company* does not support Plaintiffs' personal jurisdiction argument. The court further determines that the other arguments raised by Plaintiffs were addressed and correctly resolved by the magistrate judge.

Having considered Defendant's motion, Plaintiffs' pleadings, the evidence submitted to the magistrate judge for consideration, file, record in this case, and Report, and having conducted

a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Plaintiffs' objections, **grants** Defendant's Motion to Dismiss (Doc. 12), and **dismisses without prejudice** this action against Defendant for lack of personal jurisdiction.

    **It is so ordered** this 30th day of April, 2021.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge